### In re TEPPER.

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

ATTORNEY AND CLIENT ⬤⟳58—MISCONDUCT—DISCIPLINE.

 While it is misconduct for an attorney to make a contract with one defendant to release him if, as a witness, he will furnish satisfactory testimony against his codefendant, yet, where the attorney frankly confessed his wrong and had withdrawn from the practice, no disciplinary steps beyond censure will be taken.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. ⬤⟳58.]

In the matter of a petition and charges against Emanuel Tepper, an attorney, for professional misconduct, preferred by the Bar Association of the City of New York. Respondent censured.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie and George T. Hoar, both of New York City, for petitioners.

Emanuel Tepper, of New York City, pro se.

INGRAHAM, P. J. We think the respondent is to be censured for his lack of frankness to the court on the trial of the action of Eastmond v. McNaught and Clarke, in not stating to the court the fact that a stipulation had been signed by which the defendant Clarke was to be exonerated from liability on condition of his furnishing evidence to the plaintiff in the action which would sustain the plaintiff's action against McNaught. It is true the respondent did state to the court that Clarke had been released, but no statement was made to the court that a stipulation had been made by which Clarke's release depended upon his furnishing the plaintiff with evidence that would insure recovery against McNaught. It was not that Clarke had been released that was the essential fact which would enable the jury to judge of his credibility, but the fact that a stipulation had been made by which a release was to be effected if he furnished the testimony and then became a witness to prove the plaintiff's case against McNaught.

Attorneys should always remember that in their conduct of actions before the courts it is serious professional misconduct to enter into an agreement with a witness by which a witness will obtain a personal advantage if his testimony is satisfactory to the party calling him or his attorney, and we think that making such a contract with a

---

person involved in the transaction which is to be investigated, which gives to the witness a personal advantage, dependent upon such person's becoming a witness and testifying in the action, is serious professional misconduct, which requires discipline, and the respondent should therefore be severely disciplined for not frankly stating to the court that the release of Clarke from liability was dependent upon his furnishing evidence in the action which would sustain the plaintiff's cause of action against his codefendant.

It appears, however, by the papers submitted in opposition to this application, that the respondent has withdrawn from practice of the profession. He was perfectly frank in his statement to the Grievance Committee of the Bar Association as to what he had done, and he made a frank statement to the court, disclaiming any idea at that time that he was guilty of professional misconduct; and, under these circumstances, we think that it will be sufficient to censure the respondent for his conduct, without further disciplinary proceeding. All concur.